UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAWRENCE HELM,

    Plaintiff,

 v.

LOWE'S HOME CENTERS, LLC,

    Defendant.

CASE NO. C16-5823 BHS

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

 This matter comes before the Court on Defendant Lowe's Home Centers, LLC's ("Lowe's") motion for summary judgment (Dkt. 12). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

### I. PROCEDURAL AND FACTUAL BACKGROUND

 On August 26, 2016, Plaintiff Lawrence Helm ("Helm") filed a complaint against Lowe's in Kitsap County Superior Court for the State of Washington. Dkt. 1-3. Helm asserts one cause of action for negligence based on allegations of tripping over a cone at one of Lowe's stores. *Id*.

 On September 27, 2017, Lowe's removed the matter to this Court. Dkt. 1.

On January 20, 2017, Lowe's served Helm with requests for admissions. Dkt. 12-1, Declaration of Justin Walsh ("Walsh Dec."), ¶ 2. It is undisputed that Helm failed to timely respond to the requests and that failure to respond results in the requests deemed admitted. *See Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) ("It is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states."); Dkt. 14 at 5 (Helm conceding that "the Court is allowed to consider the matters admitted . . . ."). In relevant part, Helm admitted that (1) "at the time of the alleged incident a yellow caution cone was located in front of merchandise on display," (2) he "tripped on the yellow caution cone at the time of the alleged incident," (3) he "observed the yellow caution cone before [he] tripped and fell," and (4) "there was nothing obstructing [his] vision of the yellow caution cone at the time of the alleged incident." Walsh Dec., Exh. 1.

On March 6, 2017, Lowe's moved for summary judgment. Dkt. 12. Lowe's submitted evidence that Helm tripped over a standard caution cone used by the store, which appears to be 36 inches high and bright yellow. Dkt. 12-2, Declaration of Jonnathan Raine, Exh. 1. On March 21, 2017, Helm responded and submitted still frames from a video of the incident. Dkt. 14. On March 23, 2017, Lowe's replied and moved to strike portions of Helm's response. Dkt. 15.

## II. DISCUSSION

**A.  Motion to Strike**

Lowe's moves to strike large portions of Helm's response brief because the assertions are unsupported by admissible evidence and based on pure speculation. Dkt.

15 at 1–3.  The Court agrees with Lowe's and grants the motion to strike inadmissible evidence and speculation.  Accordingly, the Court will identify the specific admissible evidence it relies upon when considering Lowe's motion.

**B.     Summary Judgment**

Helm has asserted one claim for negligence based on premise liability of a landowner for business invitees.  Lowe's moves for summary judgment on Helm's claim arguing that the exception of an open and obvious danger applies to the facts of the alleged incident.

   **1.     Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**2. Open and Obvious Danger**

A landowner, such as Lowe's, owes an invitee a duty to keep the premises reasonably safe and to warn of known or discovered dangers on the property. *Phillips v. Kaiser Aluminum*, 75 Wn. App. 741, 748 (1994). The Washington Supreme Court has adopted the Restatement (Second) of Torts with respect to the duty to warn invitees. *Tincani v. Empire Zoological Soc'y*, 124 Wn. 2d 121, 138–39 (1994). Under the Restatement, a "possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

*Suriano v. Sears, Roebuck & Co.*, 117 Wn. App. 819, 826 (2003). Comment (e) to the Restatement provides as follows:

> The possessor of the land may reasonably assume that [the invitee] will protect himself by the exercise of ordinary care, or that he will voluntarily assume the risk of harm if he does not succeed in doing so. Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warnings, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them.

Restatement (Second) of Torts § 343A.

Although Lowe's was unable to provide a factually similar Washington authority, it did provide one case that is directly on point. In *Engleson v. Little Falls Area Chamber of Commerce*, 362 F.3d 525, 527 (8th Cir. 2004), the plaintiff alleged she had tripped over a traffic cone at an arts and crafts fair. In granting defendant's motion for summary judgment, the district court stated as follows:

> The Court finds that the orange traffic cones were open and obvious as a matter of law because they were placed on the streets and in fact visible. Indeed, the cones are bright orange in order to make them obvious. Moreover, the Court also finds that the Defendants could not have anticipated harm from the cones because traffic cones are, themselves, warning markers.

*Engleson v. Little Falls Area Chamber of Commerce*, CIV.01-1072(DWF/RLE), 2002 WL 31689432, at *3 (D. Minn. Nov. 26, 2002). The Eight Circuit affirmed the decision concluding that the plaintiff had failed to establish that the defendant "was under a duty to warn her of the safety cone." *Engleson*, 362 F.3d at 530. The court provided as follows:

> [Plaintiff's] position invites us to impose on land possessors a legal duty to provide visitors warning upon warning, *ad infinitum*. Needless to say, such a position would impose undue costs on possessors of land, while

permitting visitors to abdicate reasonable care for their own persons. We think Minnesota, like all other tort regimes known to us, has struck a better balance: The land possessor's legal duty starts where the invitee's responsibility to care for self ends.

*Id*.

Taking the admissible facts in the light most favorable to Helm, he has failed to establish that Lowe's had a duty to warn him of the safety cone. Helm admits that he saw the cone before he tripped over it and that nothing obstructed his view of the cone. Moreover, the cone was 36 inches tall and bright yellow. Thus, the cone was an open and obvious warning marker. Any actual danger of tripping over the cone could have been avoided by exercising reasonable care. Accordingly, the Court concludes that Lowe's did not have a duty to protect Helm from its warning cone.

Helm, however, advances numerous unfounded allegations in support of his claim. For example, Helm asserts that "the cone was obscured from pedestrians exiting the store . . . ." Dkt. 14 at 7. There are no admissible facts in the record to support this assertion. In fact, the facts in the record establish that Helm saw the cone before he tripped over it. Similarly, Helm asserts that he "was unable to see the cone until it was almost too late to avoid it." *Id*. Although there are no facts in the record to support this assertion, Helm contends that, by looking at the still frames, a reasonable juror could infer that Helm did not observe the cone because the cone did not move when Helm fell to the ground. He asserts that he "was surprised by [the cone's] presence and in trying to come to a sudden stop or to avoid it, fell. One does not have to touch a hazard to fall because of it." *Id*. In other words, Helm argues that Lowe's had "a legal duty to provide visitors warning upon

warning, *ad infinitum.*" *Engleson*, 362 F.3d at 530. Such a position is untenable. Lowe's does not have a duty to issue warnings regarding the placement of warning cones. Lowe's may expect an invitee to care for himself in exiting the building without either tripping over or falling to avoid tripping over warning cones. Therefore, the Court concludes that Helm's position is without merit.

Helm also briefly alludes to the self-service exception. Helm, however, cites a proposed instruction that was rejected by the trial court and affirmed on appeal. Dkt. 14 at 10 (citing *Suriano v. Sears, Roebuck & Co.*, 117 Wn. App. 819, 825 (2003)). Moreover, the self-service exception is "narrow" and only applies "when the slip-and-fall happens in an area where there is constant handling of slippery products." *Schmidt v. Coogan*, 135 Wn. App. 605, 610 (2006), *rev'd on other grounds*, 162 Wn.2d 488 (2007). There is an absence of evidence in the record that, in the area where Helm tripped, there is constant handling of slippery products. Therefore, Helm's argument is without merit.

### III. ORDER

Therefore, it is hereby **ORDERED** that Lowe's motion for summary judgment (Dkt. 12) is **GRANTED**. The Clerk shall enter judgment for Lowe's and close this case.

Dated this 15th day of May, 2017.

BENJAMIN H. SETTLE
United States District Judge